```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
2022 FULTON STREET LLC,                    :           DECISION AND ORDER
                                           :
                     Plaintiff,            :
                                           :           11-CV-3993(WFK)(MDG)
         -against-                         :
                                           :
EHIKIOYA AKANDE, ARTHUR FORMAN,            :
and THE CITY OF NEW YORK,                  :
                                           :
                     Defendants.           :
------------------------------------------------------X
```

## Introduction

Plaintiff 2022 Fulton Street LLC ("Plaintiff") filed this action on August 18, 2011. Plaintiff asserts causes of action against Defendant The City of New York ("The City") for: (1) declaration of title; (2) slander of title; (3) violations of rights secured by the Fifth and Fourteenth Amendments of the United States Constitution; (4) violations of rights secured by Article I, § 7(a) of the New York State Constitution; (5) interference with prospective business relations; (6) violations of the Computer Fraud and Abuse Act; and (7) violation of New York State General Business Law § 349(a). Plaintiff seeks a declaration that it is the owner of the property located at 2022 Fulton Street, Brooklyn, New York ("Blackacre") and compensatory damages in excess of $1,000,000.00. The City moves for summary judgment on its counterclaim for declaration of title and seeks dismissal of all claims against it. For the reasons stated below, the motion by The City is granted.

## Background

Defendant Ehikioya Akande ("Akande") acquired Blackacre from non-party Nilda Velez by quitclaim deed dated February 5, 1991. Akande recorded the deed with the Office of the City Register on November 15, 1991.

On April 3, 1995, The City filed a petition to condemn property in the Bedford-Stuyvesant section of Brooklyn for the Saratoga Square Urban Renewal Area in the New York State Supreme Court, Kings County (Index No. 6012/95). The City sought to condemn property including Blackacre. The Court granted the Petition on June 22, 1995. Compl., Ex. 2 (the "Condemnation Order"). The Condemnation Order states, *inter alia*, "petitioner is authorized to file the acquisition map in the office of the Clerk of the County of Kings," and "upon filing of this Order and the acquisition map with said County Clerk or with the City Register, title to the property shown on said map shall vest in the City of New York." Akande filed a compensation claim in the condemnation proceeding in January of 1996, evidencing knowledge of that proceeding.

On or about March 23, 2011, Akande entered into a contact of sale for Blackacre to non-party Urban Builders Collaborative LLC. Urban Builders Collaborative assigned the contract to Plaintiff. Akande conveyed a purported deed to Blackacre to Plaintiff on May 20, 2011. Plaintiff's claims in this action are premised on that purported deed.

## Analysis

1. <u>Summary Judgment Standard</u>

The Court shall grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." *Grynberg v. BP, P.L.C.*, 469 Fed. Appx. 5 (2d Cir. 2012) (quoting Fed R. Civ. P. 56); *Knight v.*

*U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). Because the "mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment," the court's responsibility is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Quarles v. Gen. Motors Corp. (Motor Holdings Div.)*, 758 F.2d 839, 840 (2d Cir. 1985); *Knight*, 804 F.3d at 11.

The moving party bears the initial burden of demonstrating entitlement to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In considering the motion, this Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Am. Cas. Co. of Reading Pa. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994). However, defeating the motion requires more than "mere conjecture or speculation by the party resisting summary judgment." *Quarles*, 758 F.2d at 840. The non-moving party must "set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

2. <u>The City has Demonstrated Entitlement to Summary Judgment</u>

The dispositive issue in this action is whether or not title to Blackacre vested in The City on June 27, 1995. The City argues it did as a matter of law. The City contends "the Court should dismiss, with prejudice and in their entirety, all claims asserted against The City, because they are premised upon Plaintiff's erroneous contention that Plaintiff holds, and The City lacks, title to the Property." City's Mem., 20. This Court agrees. Title to Blackacre—and all other properties in the Saratoga Square Urban Renewal Area subject to the Condemnation Order—vested in The City on June 27, 1995.

New York Eminent Domain Procedure Law ("EDPL") § 402(B)(5) states:

> At the time and place mentioned in such notice, unless the court shall adjourn the application to a subsequent date, and in that event

3

at the time and place to which the same may be adjourned, upon due proof of service of notice and upon filing of such petition and proof to its satisfaction that the procedural requirements of this law have been met, the court shall direct the immediate filing and entry of the order granting the petition, which order the condemnor shall file and enter together with the acquisition map and the bond or undertaking if required, in the office of the county clerk or register in each county in which the real property or any part thereof is situated. *Upon the filing of the order and the acquisition map, the acquisition of the property in such map shall be complete and title to such property shall then be vested in the condemnor.* (emphasis added)

The condemnor "takes title to land free of all encumbrances and inconsistent property rights and extinguishes all estates in the property." *Matter of Ossining Urban Renewal Agency*, 39 N.Y.2d 628, 630 (1976). Consistent with EDPL § 402, the Condemnation Order directed that title to the properties in the Saratoga Square Urban Renewal Area would vest in The City upon filing with the Kings County Clerk of the Condemnation Order and the acquisition map submitted in the condemnation proceeding (the "Acquisition Map").

The record demonstrates The City filed the Petition and Condemnation Order on June 27, 1995. *See* Krichmar Decl., Ex. F (certified copy of the Acquisition Map attached as exhibit B to the Petition filed on June 27, 1995); Krichmar Reply Decl., Ex. D (the Petition filed on June 27, 1995); Heifitz Decl., Ex. 15 (Kings County Clerk's Minutes reflecting the filing of the Condemnation Order and Petition on June 27, 1995); Jackson Aff., ¶¶ 3–24 (stating the manner in which the Acquisition Map was filed complies with the usual and customary filing practices in New York County Clerk Offices); Partridge Decl., ¶¶ 11–13 (demonstrating the title insurance company employed by Plaintiff had notice that the Condemnation Order and Petition were filed on June 27, 1995). The Acquisition Map is Exhibit B to the Petition.

Plaintiff argues The City having filed the Petition on April 3, 1995 cannot have vested title in The City on June 27, 1995 because the court had not yet issued the Condemnation Order.

4

Pl.'s Opp'n Mem., 11–13; Heiftiz Decl. 29–52. Plaintiff's argument, if accepted, would require this Court to assume The City did not re-file the Petition on June 27, 1995 despite ample evidence demonstrating not only that it did so, but also that Plaintiff's title insurance company had notice it had in fact done so. Plaintiff's Counsel asserts The City falsified evidence to make it appear as though the Petition was re-filed on June 27, 1995. No support for that bald allegation exists on this record. Heifitz Decl., ¶ 51. Indeed, Plaintiff's exhibits undermine its accusation by demonstrating the Condemnation Order and Petition were filed on June 27, 1995. Heifitz Decl., Ex 15. Plaintiff appears to argue the Acquisition Map filed on April 3 could not be the same as the Acquisition Map filed with the Petition on June 27. There is no basis for that assertion. The Condemnation Order, and, for that matter, the EDPL, direct The City to file the only acquisition map relevant to the condemnation proceeding: the map describing the Saratoga Square Urban Renewal Area, attached to the Petition as Exhibit B, filed on April 3, 1995 and re-filed on June 27, 1995. Condemnation Order, 2–3; EDPL§§ 402(B)(2)–(5).

Plaintiff argues the Acquisition Map could not have conferred title because it was an exhibit to the Petition and not a standalone map. (Pl.'s Opp'n Mem., 10–13; Heiftiz Decl. 29–52). Plaintiff's argument demands more than EDPL § 402(B) requires. That section does not require the filing of a standalone acquisition map, but, rather, the filing of an acquisition map. In this case, the Petition contained the Acquisition Map and vested title to Blackacre in The City when it was filed on June 27, 1995.

In its unauthorized surreply, Plaintiff submits a form affidavit from Ms. Nancy Sunshine, the Kings County Clerk, certifying that she examined the records from June 27, 1995 and was unable to find the Acquisition Map. Pl.'s Surreply, 2. Plaintiff argues "The certification of the Kings County Clerk . . . must be credited over the declaration of The City's paralegal (who did

not even start work for The City until 2000) that a map was filed that day." *Id*. The County Clerk's form affidavit does not raise a triable issue of fact. The Acquisition Map was not a standalone Map, but, rather, an exhibit to the Petition which the County Clerk's minutes and other evidence verify was timely filed. Heifitz Decl., Ex. 15; Partridge Decl., ¶¶ 11–13; Krichmar Decl,, Ex. F; Krichmar Reply Decl.,¶¶ 22–24 ; Krichmar Reply Decl., Ex. D.

Plaintiff invites this Court to adopt a new standard in evaluating condemnation actions undertaken by The City: Perfection. The Court declines to adopt that standard. This Court finds title to Blackacre vested in the City on June 27, 1995. Plaintiff's claims against The City must fail because they rest on the binary assumption that Plaintiff held title to Blackacre and The City did not. The City cannot have infringed upon Plaintiff's property rights in Blackacre because Plaintiff has no Property interest in Blackacre. The City cannot have slandered Plaintiff's title to Blackacre because Plaintiff has no title to Blackacre. The City complied with the EDPL in condemning Blackacre. There exists no plausible basis to support liability against The City. Plaintiff's title insurance company had notice of The City's filing of the Condemnation Order and Petition in connection with the Saratoga Square Urban Renewal Project on June 27, 2011. Partridge Decl., ¶¶ 11–13, 24; Heifitz Decl., Ex 15. Plaintiff relied upon its title insurance company's report in closing the contract of sale with Akande. Lettire Decl., ¶¶ 5–6. Akande purportedly conveyed to Urban Builders Collective LLC property he did not own, a legal impossibility. Plaintiff's complaint is dismissed in its entirety against The City.

3. Remaining Claims

This Court dismisses all claims over which it has original jurisdiction. The only remaining claims arise under the laws of New York State: violation of New York Judiciary Law § 487 and fraud against Defendants Arthur Forman and Akande, the latter of whom has not

6

appeared in this action. This Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Baylis v. Marriot Corp.*, 843 F.2d 658 (2d Cir. 1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727 (1966) for the proposition that "where all bases for federal jurisdiction have been eliminated from a case so that only pendent state law claims remain, the federal court should ordinarily dismiss the state claims"); *Mauro v. Countrywide Home Loans, Inc.*, 727 F. Supp. 2d 145, 158–59 (E.D.N.Y. 2010) (Bianco, J.); *Weissbrod v. Hous. Part of Civ. Ct. of City of New York*, 293 F. Supp. 2d 349, 354 (S.D.N.Y. 2003) (Berman, J.). This action is hereby dismissed in its entirety.

**SO ORDERED**

Dated: Brooklyn, New York
August 22, 2012

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
United States District Judge